311 Ga. 81
FINAL COPY

S21Y0672. IN THE MATTER OF EVELYN ANN MILLER.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline filed by respondent Evelyn Ann Miller (State Bar No. 506579) before the initiation of an action for reciprocal discipline. See Rule 9.4 (b) of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d); see also Bar Rule 4-227 (b). In her petition, Miller requests that this Court accept her petition for the voluntary surrender of her license to practice law, which she acknowledges is tantamount to disbarment. In its response, the Bar urges the Court to accept Miller's petition.

Miller, who has been a member of the Bar since 2002, admits that she had been licensed to practice law in the Commonwealth of Virginia; that, on October 2, 2020, the Virginia State Bar Disciplinary Board entered an order accepting her consent to the revocation of her license to practice law in Virginia; that she notified

the Bar in Georgia of the action taken against her license in Virginia, as required by Georgia Rule of Professional Conduct 9.4 (b); and that she is subject to the imposition of substantially similar discipline in Georgia. See Rule 9.4 (b) (3). With regard to the wrongdoing that resulted in the discipline imposed in Virginia, Miller explained that, from 2015 to September 2018, she was employed by Monarch Title Agency and that her primary role there was conducting or managing live settlements. Also, during the same time frame, Miller had her own law firm, for which she maintained two checking accounts. Miller admitted that, in 2017, she was the settlement agent and/or supervisor of junior settlement agents for six settlements in which funds were required to be held in escrow for an extended period post-settlement. The total amount of escrowed funds across the six transactions was more than $250,000. In each such settlement, the affected customers directed Monarch to forward the funds for long-term escrowing. Instead of holding these funds in a designated escrow account, these funds were wired directly from Monarch to the checking account associated with

Miller's law firm. Miller states that for four of the six transactions, some or all of the funds that were supposed to be held in an escrow account were spent. She asserts, however, that all the funds identified by the Virginia State Bar that should have been held in escrow, but were instead transferred to her law firm checking account, have now been repaid. She further maintains that she has terminated her signature authority of the co-signer on her law firm's bank accounts. Based on the above, Miller requests that she be allowed to voluntarily surrender her license to practice law in Georgia.

In its response, the Bar notes that Miller's petition contains admissions of fact and conduct sufficient to authorize the imposition of the discipline she has requested and that the conduct she admitted in the Virginia disciplinary proceedings would violate Georgia Rules of Professional Conduct 1.15 (I) (a) and 1.15 (II) (b). Thus, the Bar asserts that it would be in the best interest of the public and the profession for this Court to accept Miller's petition for

voluntary discipline and allow her to surrender her license to practice law in Georgia.

Having reviewed the record, we agree to accept Miller's petition for voluntary discipline and to allow her to voluntarily surrender her license to practice law in Georgia, an action which is tantamount to disbarment. Accordingly, it is hereby ordered that the name of Evelyn Ann Miller be removed from the rolls of persons authorized to practice law in the State of Georgia. Miller is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*

Decided March 1, 2021.

Voluntary surrender of license.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.